IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH PITTMAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>THE HERSHEY COMPANY,<br><br>      Defendant. | Case No.:<br><br>COMPLAINT – COLLECTIVE ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

### COLLECTIVE ACTION COMPLAINT

Plaintiff, KEITH PITTMAN ("Mr. Pittman" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "potential plaintiffs"), by and through the undersigned counsel, hereby files this Collective Action Complaint against Defendant, THE HERSHEY COMPANY ("Defendant"), as follows:

### I. NATURE OF THE ACTION

1. This is an individual and Collective Action Complaint pursuant to 216(b) of the Fair Labor Standards Act, brought to obtain declaratory, and monetary relief on behalf of the Named Plaintiff and similarly situated potential plaintiffs who work(ed) as hourly-paid employees at non-union facilities for Defendant, whom

Defendant fail(ed) to pay overtime for all hours worked in excess of forty (40) hours per week. Named Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and seeks back wages, liquidated damages, and other damages for himself and potential plaintiffs.

2. Defendant employs individuals who manufacture, package and handle food products, including Named Plaintiff and potential plaintiffs.

3. The group of potential plaintiffs Named Plaintiff seeks to send notice to consists of all individuals who operate(d) as hourly-paid employees at non-union facilities of Defendant and whom Defendant fail(ed) to pay overtime for all hours worked in excess of forty (40) hours per week at any time during the applicable limitations period anywhere in the United States. The Named Plaintiff, during the applicable time period, is a potential plaintiff and is similarly situated to potential plaintiffs and also brings individual claims as such.

4. This action challenges Defendant's denial to the Named Plaintiff and those similarly situated (potential plaintiffs) of the rights, obligations, privileges, and benefits owed to them as employees under the FLSA.

## II.   PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. Named Plaintiff Keith Pittman is an adult citizen of the United States and was employed as an hourly-paid employee by Defendant during all times relevant to this action. Mr. Pittman's "Consent to Join" is attached as *Exhibit A.*

7. Defendant The Hershey Company is a Delaware corporation whose principal address is 19 East Chocolate Avenue, Hershey, Pennsylvania 17033. Defendant's registered agent to receive process of service is CT Corporation System.

### III. JURISDICTION AND VENUE

8. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

9. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered in this district and has conducted business in this district during all times material.

## IV.   FLSA 216(b) COLLECTIVE ACTION ALLEGATIONS

11. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

12. Named Plaintiff brings this Original Complaint as a collective action, alleging violations of the FLSA on behalf of himself and all similarly situated individuals (potential plaintiffs) and seeks to send notice of this action and allow the opportunity for the following similarly situated persons or potential plaintiffs to join:

> All individuals Defendant employed as hourly-paid employees at non-union facilities anywhere in the United States, at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined notice period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).

13. The group of potential plaintiffs also includes the Named Plaintiff in this action. Named Plaintiff reserves the right to modify this definition prior to facilitation of notice to potential plaintiffs.

14. The Named Plaintiff and potential plaintiffs are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of controlling their daily job functions.

15. Defendant regularly permitted and required the Named Plaintiff and potential plaintiffs to work more than forty (40) hours per week without proper overtime compensation.

16. Upon information and belief, Defendant knew that the Named Plaintiff and potential plaintiffs performed work that required overtime pay.

17. Defendant has, therefore, operated under a scheme to deprive the Named Plaintiff and potential plaintiffs of overtime compensation by failing to properly compensate them for all time worked.

18. Defendant's conduct, as set forth in this Original Individual and Collective Action Complaint, was willful and has caused significant damages to the Named Plaintiff and potential plaintiffs.

19. This Original Individual and Collective Action Complaint is for violations of the FLSA and may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the Named Plaintiff are similar to the claims of potential plaintiffs who work or have worked for Defendant. Therefore, the Named Plaintiff should be permitted to bring this action as a collective action and on behalf of himself and those similarly situated individuals (potential plaintiffs) pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

20. Defendant is liable under the FLSA for failing to properly compensate the Named Plaintiff and all similarly situated individuals (potential plaintiffs), and notice of this lawsuit should be sent to all similarly situated individuals. Those similarly situated individuals are known to Defendant and are readily identifiable through Defendant's payroll and other personnel records.

## V.     STATEMENT OF FACTS

21. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22. Defendant is one of the largest candy-making companies in the world, with U.S. facilities in Hershey, Pennsylvania; Hazleton, Pennsylvania; Lancaster, Pennsylvania; Stuarts Draft, Virginia; Robinson, Illinois; Bluffton, Indiana; Lawrence, Kansas; Edgerton, Kansas; Lenexa, Kansas; and Memphis, Tennessee.

23. Defendant employed Named Plaintiff and potential plaintiffs as hourly-paid employees.

24. Defendant has had a timekeeping system to record the compensable work hours of Named Plaintiff and potential plaintiffs during all times material to this action.

25. Named Plaintiff and potential plaintiffs performed work for more than 40 hours per week within weekly pay periods during all times material to this Complaint.

26. However, Defendant has had a common policy and practice of failing to pay Named Plaintiff and potential plaintiffs the applicable FLSA overtime compensation rates of pay for all hours worked within weekly pay periods during all times material herein.

27. Defendants either failed to record all of the overtime hours of Named Plaintiff and potential plaintiffs into its timekeeping system or deducted ("edited-out"/shaved) the overtime hours of Plaintiff and potential plaintiffs from its timekeeping system during all times material herein.

28. As a manufacturer of human food products, Defendant is regulated by the Federal Food and Drug Administration (FDA).

29. The FDA promulgates its Good Manufacturing Practices related to the manufacturing, packaging, or holding of human food products.

30. Under the FDA's Good Manufacturing Practices, manufacturers of food products are required to wear "outer garments suitable to the operation in a manner that protects against the contamination of food, food-contact surfaces, or food-packaging materials."

31. The FDA's Good Manufacturing Practices also requires those engaged in manufacturing, packaging, and handling food products to sanitize their hands before commencing work and after each absence from their workstation.

32. In addition, it requires those engaged in the manufacturing, packaging, and handling of food products to wear gloves of an impermeable material and other food protective equipment, such as hair nets, headbands, caps, beard covers, etc., before commencing work, after each absence from their workstation, and prior to re-entering their workstation.

33. Defendant, to comply with the FDA's Good Manufacturing Practices of food products, has required Named Plaintiff and potential plaintiffs to don such food protective equipment and sanitize their hands prior to entering any area of their food processing and packaging facilities in which food products were being manufactured, packaged or handled, during all times material herein.

34. Therefore, Named Plaintiff and potential plaintiffs who manufactured, packaged, or handled food items for Defendant were not allowed to enter any of its food processing or packaging areas unless and until they were wearing the required food protective equipment and sanitized their hands beforehand.

35. As a result, wearing such food protective equipment and sanitizing their hands prior to entering their respective work stations each work day at Defendant's food processing facilities was an integral and indispensable part of the jobs performed by Named Plaintiff and potential plaintiffs during all times material.

36. Defendant did not allow Named Plaintiff and potential plaintiffs to don such food protective equipment prior to arriving for each day of work but, instead, required them to don such items immediately upon reporting to work and prior to entering any area in which food or food products were being manufactured, packaged or handled at any of Defendant's food processing and packaging facilities.

37. Therefore, the first principal work activity of Named Plaintiff and potential plaintiffs each work day began with them donning the first item of food

protective equipment and/or sanitizing their hands, whichever came first – rather than when such donning of apparel and sanitizing activities were completed.

38. In addition, once Named Plaintiff and potential plaintiffs donned the aforementioned protective equipment, they performed job duties prior to the beginning of their designated shifts without being compensated for such work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

39. Such pre-shift "off the clock" work consisted of Named Plaintiff and potential plaintiffs inspecting their work areas before the beginning of their shift time to ensure no foreign substances were present at or in the vicinity of their work area, checking the equipment they were assigned to determine if it was in good repair; checking the cleanliness and sanitation of their equipment and conversing with the co-worker of the preceding shift to determine if there were any carry-over or pass down issues related to their work area about which they should be aware.

40. However, Defendant either failed to record or "edited out"/shaved Named Plaintiff's and potential plaintiffs' pre-shift work time out of its timekeeping system, resulting in them not being compensated for such work time at the applicable FLSA overtime rate of pay within weekly pay periods during all times material to this lawsuit.

41. Once Named Plaintiff and potential plaintiffs finish their "off the clock" pre-shift work, Defendant has a common policy and practice of requiring Named Plaintiff and potential plaintiffs to attend daily mandatory "Huddle Meetings" with their respective supervisors prior to the beginning of their designated shifts, "off the clock." (Defendant's supervisors discussed such subjects as safety, sanitation, work issues, etc., during these mandatory huddle meetings.)

42. Defendant also had a common policy and practice of failing to pay Named Plaintiff and potential plaintiffs for all their unpaid post-shift work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit.

43. Named Plaintiff and potential plaintiffs were required to perform unpaid post-shift work, such as cleaning up their work area after clocking out of Defendant's timekeeping system, because they did not have sufficient time to do so prior to the ending of their shift.

44. Also, Defendant failed to pay the Named Plaintiff and potential plaintiffs for the compensable time beginning with the end of their work activities at their workstations until they doffed their last piece of protective food apparel— including the walking time from their workstation to the changing station where they doffed their last piece of protective food apparel each day.

45. The doffing of the last piece of food protective equipment by Named Plaintiff and potential plaintiffs was their last principal work activity of each work day.

46. Named Plaintiff and potential plaintiffs were not compensated for such doffing and walking time at the FLSA applicable overtime compensation rates of pay within weekly pay periods during all time material to this lawsuit.

47. Defendant has been aware of such "off the clock" compensable activities by Named Plaintiff and potential plaintiffs at all times material herein.

48. Defendant willfully and, with reckless disregard to established FLSA compensation requirements, failed to pay Named Plaintiff and potential plaintiffs the applicable FLSA overtime compensation rates of pay owed them within weekly pay periods for such "off the clock" compensable time during all times relevant herein.

49. Defendant failed to keep timely and accurate pay records of Named Plaintiff and potential plaintiffs as is required by the FLSA.

50. The unpaid wage claims of Named Plaintiff and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

51. As a result of Defendant's willful failure to pay Named Plaintiff and potential plaintiffs in compliance with the applicable FLSA overtime compensation requirements, they have suffered lost compensable wages and other damages.

52.   Defendant's scheme of failing to compensate Named Plaintiff and potential plaintiffs for all their applicable FLSA overtime compensation was to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill-gained profits at the expense of Named Plaintiff and potential plaintiffs.

53.   Named Plaintiff complained to Defendant about not being paid for such "off the clock" compensable activities and was terminated for voicing such complaints.

54.   Named Plaintiff was unlawfully discharged from his employment in retaliation for complaining to Defendant about not being compensated for his "off the clock" compensable time, as previously described.

55.   Shortly before being terminated from his employment, Named Plaintiff complained to Defendant's corporate offices about not receiving compensation for his "off the clock" compensable work time.

56.   In addition, Named Plaintiff complained to his local management about not being paid for his "off the clock" compensable time. (Defendant's local management summarily dismissed his complaint without any investigation into it.)

57.   In referring to Named Plaintiff, in a meeting with all employees, Defendant's local management commented to employees that an employee had contacted "corporate" about not being paid all his compensation.

58. Within only a few days thereafter, Named Plaintiff was suspended from his employment on January 29, 2025, without an explanation as to any cause.

59. Then, on February 12, 2025, Named Plaintiff was terminated from his employment with Defendant, again without any explanation as to the reason for his termination.

60. Complaining to Defendant about not receiving his "off the clock" compensation was a protected activity under 29 U.S.C. § 215(a)(3).

61. Defendant violated 29 U.S.C. § 215(a)(3) by terminating Named Plaintiff's employment in retaliation for engaging in such activity protected under the FLSA.

62. Defendant had no other basis to terminate Named Plaintiff's employment but for his exercising his protected rights under 29 U.S.C. § 215(a)

63. Named Plaintiff's termination of employment was causally connected to his protected activity in that he was discharged from his employment soon after complaining about not being paid for his "off the clock" compensable time during all times material.

64. Defendant was aware of Named Plaintiff's protected activity before terminating his employment.

65. As a result of his unlawful termination, Named Plaintiff has suffered monetary damages (lost wages, both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

66. Defendant's conduct was willful and in reckless disregard to clearly established FLSA provisions, and without a good faith basis.

## VI. COUNT I

### (INVIDUAL AND COLLECTIVE ACTION CLAIMS)

### FAILURE TO PAY OVERTIME TO THE NAMED PLAINTIFF AND POTENTIAL PLAINTIFFS
### FLSA, 29 U.S.C. §§ 201, *et seq.*

67. The Named Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

68. Section 206(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

69. There are no exemptions applicable to the Named Plaintiff and potential plaintiffs.

70. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Original

Individual and Collective Action Complaint throughout the portions of United States in which Defendants conduct business.

71. The Named Plaintiff and potential plaintiffs regularly worked more than forty (40) hours per week but did not receive overtime pay for all hours worked over forty hours per week.

72. Upon information and belief, at all times relevant hereto, Defendants have had annual gross operating revenues well in excess of $500,000.00.

73. In committing the wrongful acts alleged to be in violation of the FLSA, Defendant acted willfully in that they knowingly, deliberately, and intentionally failed to pay all overtime premium wages owed to the Named Plaintiffs and potential plaintiffs.

74. As a result of Defendant's failure to pay all overtime premium wages, the Named Plaintiff and potential plaintiffs were damaged in an amount to be proven at trial.

75. Therefore, the Named Plaintiff demands he and potential plaintiffs be paid all overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest, damages, penalties, and attorneys' fees as provided by law.

## VII.  COUNT II

### (INVIDUAL CLAIMS)

### NAMED PLAINTIFF'S RETALIATORY TERMINATION CLAIM
### FLSA, 29 U.S.C. §§ 201, *et seq*.

76. The Named Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

77. Named Plaintiff was unlawfully discharged from his employment in retaliation for complaining to Defendant about not being compensated for his "off the clock" compensable time, as previously described.

78. Complaining to Defendant about not receiving his "off the clock" compensation was a protected activity under 29 U.S.C. § 215(a)(3).

79. Defendant violated 29 U.S.C. § 215(a)(3) by terminating Named Plaintiff's employment in retaliation for engaging in such activity protected under the FLSA.

80. As a result of his unlawful termination, Named Plaintiff has suffered monetary damages (lost wages, both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

81. Defendant's conduct was willful and in reckless disregard to clearly established FLSA provisions, and without a good faith basis.

## VIII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Keith Pittman, individually and on behalf of all others similarly situated, requests this Honorable Court enter Judgment in his favor and against Defendant, The Hershey Company, as follows:

a. On Count I, promptly facilitate notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b. On Count I, award Plaintiff and potential plaintiffs FLSA statutory damages against Defendant;

c. On Count I, award Plaintiff and potential plaintiffs all unpaid overtime compensation against Defendant;

d. On Count I, award Plaintiff and potential plaintiffs liquidated damages in accordance with the FLSA against Defendant;

e. On Count I, award Plaintiff and potential plaintiffs prejudgment interest (to the extent that liquidated damages are not awarded);

f. On Count I, award Plaintiff and potential plaintiffs post-judgment interest and court costs as allowed by law;

g. On Count I, find and declare that Defendant's violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations

under the FLSA to this action;

h. On Count I, award Plaintiff and potential plaintiffs' reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

i. On Count II, a ruling that Named Plaintiff was unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3);

j. On Count II, an award of legal and equitable damages to Named Plaintiff for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.;

k. On Count II, an award of liquidated damages to Named Plaintiff for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

l. On Count II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Named Plaintiff;

m. Allow Named Plaintiff to amend his Collective Action Complaint, if necessary, as new facts are discovered;

n. Provide additional general and equitable relief to which Named Plaintiff and potential plaintiffs may be entitled; and

o. Provide further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: <u>May 2, 2025</u>   Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

<u>*/s/ Derrek W. Cummings*</u>
Derrek W. Cummings (PA I.D. #: 83286)
dcummings@weisbergcummings.com

<u>*/s/ Larry A. Weisberg*</u>
Larry A. Weisberg (PA I.D. #: 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

**JACKSON SHIELDS HOLT OWEN & BRYANT**

<u>*/s/ J. Russ Bryant*</u>
J. Russ Bryant (TN BPR #33830)
*rbryant@jsyc.com*
*Pro Hac Vice Anticipated*

262 German Oak Drive
Memphis, Tennessee 38018
(901) 754-8001
(901) 754-8524 (Fax)

**COUNSEL FOR PLAINTIFFS**